## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

CURTIS L. BARBER,                    :

     Petitioner,                  :      Case No. 3:11cv00060

 vs.                                 :      District Judge Walter Herbert Rice
                                                    Chief Magistrate Judge Sharon L. Ovington

WARDEN, Marion Correctional          :
Institution,[1]
                                     :
     Respondent.                  :

                                     :

## REPORT AND RECOMMENDATIONS[2]

### I.    INTRODUCTION

In January 2001, a jury in the Common Pleas Court of Montgomery County, Ohio found Curtis L. Barber guilty of Aggravated Robbery, Felonious Assault, Aggravated Burglary, Kidnapping, Disrupting Public Service, and three counts of Attempted Aggravated Murder.  Following trial, the trial court merged the three counts of Attempted Aggravated Murder with the count of Kidnapping and sentenced Barber to consecutive maximum sentences on all counts.  This resulted in a total aggregate sentence of forty-one and one-half years.  Barber is presently in state custody at the Marion Correctional

---

[1] Jason Bunting is the warden of the Marion Correctional Institution

[2] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

Institution in Marion, Ohio.

Barber brings this case *pro se* under 28 U.S.C. § 2254, seeking a writ of habeas corpus.  The case is before the Court upon Barber's Habeas Petition (Doc. #1); his "Supplemental Grounds for Relief" (Doc. #10); Respondent's Answer/Return of Writ (Doc. #5); and the record as a whole.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Factual Background and Direct Appeal*

Barber's "conviction and sentence stem from an incident in which [he] broke into a house, attacked the victim by punching her in the face, took money from her, and then tied her to a chair and repeatedly hit her in the head with a hammer before leaving her for dead.  During the jury trial, Barber introduced an alibi witness to support his claim that he did not commit the crimes.  *State v. Barber*, 2002 Ohio 7100, *P1 (Ohio Ct. App., Dec. 20, 2002); (Doc. #5-1, Ex. 19).  Rather than credit Barber's alibi witness, the jury found him guilty of the multiple crimes set forth previously.

On March 23, 2001, Barber filed a timely direct appeal.  On January 14, 2002, Barber's appointed counsel filed an *Anders* Brief.  (Doc. #5, Ex. 15).  Barber filed a *pro se* brief raising two assignments of error: (1) the trial court unfairly denied him the ability to inform the jury that the victim had provided the name "Charles Burgess" to the police; and (2) he was denied his constitutional right to due process and a fair trial when the prosecution brought up his post-arrest silence and failure to testify at trial.  (Doc. #5-1, Ex. 17).  The Ohio Court of Appeals independently reviewed the record and found no

2

merit on either of Barber's assignments of error or any plausible claims of error.  The

judgment of the trial court was affirmed.  (Doc. #5-1, Ex. 19).  The record does not reflect

that Barber appealed the decision to the Supreme Court of Ohio.

       B.     *First and Second Motion to Vacate or Set Aside Sentence*

On October 15, 2002, Barber filed a *pro se* petition in the trial court to vacate or

set aside the judgment of conviction or sentence.  Barber claimed that a videotape

presented at trial described another individual and not him.  (Doc. #5-1, Ex. 20).  The trial

court sustained the State's motion and dismissed the petition as untimely on January 9,

2003.  (Doc. #5-1, Ex. 25).  The record does not reflect that Barber appealed this decision.

On May 16, 2006, Barber filed a *pro se* petition in trial court for relief after

judgment to vacate or set aside his sentence.  Barber claimed that his sentence was void

and the maximum/minimum sentence for him was three years.  (Doc. #5-1, Ex. 26).  The

trial court issued a decision and entry on August 29, 2006, denying Barber's petition as

not satisfying the exceptions to late filing of a post-conviction petition set forth in Ohio

Revised Code § 2953.23.  (Doc. #5-1, Ex. 31).

Barber filed a timely *pro se* appeal from the denial of his second post-conviction

petition.  (Doc. #5-1, Ex. 33).  On appeal, Barber contended:

> . . . that the trial court should have granted his petition because the trial court
> violated his Sixth Amendment rights by imposing maximum, consecutive, and
> non-minimum sentences after judicial fact finding in violation of *Apprendi v. New
> Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004) and
> *State v. Foster*, 109 Ohio St.3d 1 (2006), 2006-Ohio-856.  Barber argues that the
> trial court has jurisdiction to entertain his second-amended petition despite the
> provisions of R.C. 2953.23(A) because all courts in Ohio have inherent power to

> vacate a judgment which is void. Barber contends the State failed to prove to a jury the sentencing "enhancers" and, thus, he was implicitly acquitted of them. Lastly, he contends the Ohio Supreme Court's remedy in *State v. Foster*, which would permit resentencing, violates the ex-post facto provisions of the United States and Ohio Constitutions and, thus, he must be resentenced to a minimum term since the sentence enhancers were improperly found by the trial court.

(Doc. #5-1, Ex. 36, Case No. 21837). On October 19, 2007, the Ohio Court of Appeals overruled each of Barber's assignments of error and affirmed the judgment of the trial court. (Doc. #5-1, Ex. 36). The record does not reflect that Barber filed a further appeal to the Supreme Court of Ohio.

     *C.*     *Nunc Pro Tunc Resentencing*

On August 8, 2008, Barber was brought before the trial court for resentencing on each of his convictions. This was necessary due to a failure to notify him of post-release control during the original sentencing. Barber received the identical sentence of forty-one and one-half years incarceration after resentencing. (Doc. #5-1, Ex. 37, 38).

On September 5, 2008, Barber filed a timely *pro se* notice of appeal from the nunc pro tunc sentencing entry, raising the issues set forth in his present federal habeas corpus petition. (Doc. #5-1, Ex. 39, Case No. CA 22929). In his brief, Barber presented the following assignments of error:

    1.    DEFENDANT-APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL AT THE RESENTENCING HEARING WHERE THE RESENTENCING PROCESS IS VIOLATIVE OF THE DUE PROCESS CLAUSE OF THE OHIO AND U.S. CONSTITUTION AND CONTRARY TO THE SEPARATION OF POWERS DOCTRINE.

    2.    DEFENDANT-APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AT THE AUGUST 7, 2008

4

HEARING WHERE COUNSEL FAILED TO ARGUE THAT
APPELLANT'S MAXIMUM SENTENCE OF THREE [3] YEARS HAD
EXPIRED IN 2003 AT THE LATEST.

3.      DEFENDANT-APPELLANT WAS DEPRIVED OF THE EFFECTIVE
ASSISTANCE OF COUNSEL AT THE AUGUST 7, 2008
RESENTENCING HEARING WHERE HE FAILED TO OBJECT TO
THE FACT THAT THE AGGRAVATED ROBBERY, AGGRAVATED
BURGLARY AND KIDNAPPING COUNTS FAILED TO CHARGE AN
OFFENSE IN ABSENCE OF A MENS REA ELEMENT BEING
ALLEGED.

4.      DEFENDANT-APPELLANT WAS DEPRIVED OF THE EFFECTIVE
ASSISTANCE OF COUNSEL WHERE THE ATTORNEY FAILED TO
OBJECT THAT THE RESENTENCING HEARING AND JUDGMENT
VIOLATED APPELLANT'S RIGHT NOT TO BE SUBJECTED TO
RETROACTIVE JUDICIAL ENLARGEMENT OF THE SENTENCING
STATUTES CONTRARY TO DUE PROCESS OF LAW AS
CONSTITUTING EX POST FACTO LEGISLATION AS WELL AS THE
DOUBLE JEOPARDY CLAUSE OF THE OHIO AND UNITED STATES
CONSTITUTION.

(Doc. #5-1, Ex. 40).  On May 14, 2009, Barber filed a motion to amend his brief and add

the following assignments of error:

5.      TRIAL COURT ERRED IN IMPOSING MULTIPLE PUNISHMENT[S]
FOR ALLIED OFFENSE.

6.      TRIAL COURT ERRED FOR IMPOSSING[sic] A SENTENCE FOR A
CRIME THAT APPELLANT WAS NEVER CHARGED WITH.

(Doc. #5-1, Ex. 42).  The Ohio Court of Appeals issued an opinion on March 5, 2010

overruling each of the six assignments of error and affirming the judgment of the trial

court.  The Court held that Barber's failure to provide a transcript of his resentencing

prevented it from assessing the merits of his assignments of error.  The Court also held

that his complaints of trial court error – that some of his convictions were allied offenses

– could not be adjudicated on appeal because he had not provided the original trial transcript, and that his complaint that his indictment violated the mens rea requirement in *State v. Colon*, 118 Ohio St.3d 26 (2008) was barred by res judicata as it could have been raised on direct appeal.  (Doc. #5-1, Ex. 45).

The Ohio Court of Appeals denied Barber's motion for reconsideration on April 16, 2010.  (Doc. #5-1, Ex. 48).

On April 15, 2010, Barber filed a timely *pro se* notice of appeal to the Supreme Court of Ohio.  (Doc. #5-1, Ex. 49, Case No. 10-664).  He presented the same claims, plus additional assertions, he had raised in the Ohio Court of Appeals.  (Doc. #5-1, Ex. 50).  On June 23, 2010, the Supreme Court of Ohio denied Barber leave to appeal and dismissed the appeal.  (Doc. #5-1, Ex. 52).

D. *State Habeas Corpus*

On June 13, 2007, Barber filed a state petition for writ of habeas corpus in the Ohio Court of Appeals.  In his petition, he argued that his sentence was illegal and that the trial court erred in imposing a sentence of more than three years.  (Doc. #5-1, Ex. 53). The State filed a motion to dismiss for failure to state a claim upon which state habeas corpus relief could be granted.  (Doc. #5-1, Ex. 54).  The Ohio Court of Appeals granted the State's motion on August 8, 2007 and dismissed the habeas petition.  The Court stated that sentencing errors, such as those complained of in Barber's petition, were not jurisdictional, did not affect the jurisdiction of the sentencing court, and thus were not cognizable in state habeas corpus.  The Court further stated that his maximum sentence

6

had not expired, and he was not entitled to relief.  (Doc. #5-1, Ex. 55).

On August 20, 2007, Barber timely appealed the dismissal to the Supreme Court of Ohio.  (Doc. #5-1, Ex. 56, Case No. 07-1560).  The Supreme Court of Ohio issued a judgment entry on February 6, 2008, affirming the judgment of the Court of Appeals for the reasons stated in *State ex. Rel. Golson v. Moore*, 116 Ohio St.3d 308 (2007), and *State ex. rel. Shackleford v. Moore*, 116 Ohio St.3d 310 (2007).  (Doc. #5-1, Ex. 59).

E.     *Federal Habeas Corpus*

Barber filed a *pro se* petition for federal habeas corpus relief with this Court on March 1, 2011.  He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, Barber asserts the following grounds for relief:

**GROUND ONE:**     INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

**Supporting Facts:**     Petitioner was actually resentenced pursuant to State v. Singleton, [2009], 124 Ohio St.3d 173, 920 N.E. 2d 958 and at resentencing hearing his trial attorney failed to argue and brief fact that his resentencing on August 7, 2008 was violative of the due process Clause of U.S. Constitution in violation of Separation of Powers Doctrine.

**GROUND TWO:**     INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

**Supporting Facts:**     At the August 7, 2008 resentencing hearing trial counsel failed to argue that Petitioner's maximum sentence of three years had expired in 2003 at the latest.

**GROUND THREE:** INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

**Supporting Facts:**     Trial counsel at resentencing hearing of August 7, 2008 failed to argue that Petitioner's resentencing violated the federal prohibition against due process and ex post facto application and double jeopardy principles.

7

**GROUND FOUR:** INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

**<u>Supporting Facts:</u>** At the August 7, 2008 resentencing hearing, trial counsel failed to argue that the Petitioner's sentence for both Kidnapping and Aggravated Robbery are Allied Offenses of Similar Import under both the Fifth and Fourteenth Amendment of the U.S. Constitution.

(Doc. #1 at 5-9).  On November 8, 2012, Barber filed a memorandum titled

"Supplemental Grounds for Relief."  In this filing, Barber does not actually provide

additional grounds for relief but rather provides additional arguments in support of his

Fourth Ground for Relief, which was previously raised in his habeas petition.  (Doc. #10).

Specifically, Barber asserts that, despite Respondent's contentions otherwise, he has now

exhausted his Fourth Ground for Relief.  (*Id.*).

## III.    DISCUSSION

### A.    *Procedural Problems*

#### 1.    *Ground Four*

Respondent contends that Ground Four in Barber's petition is procedurally

defaulted because, "[i]n his appeal of his resentencing, Barber argued that the trial court

erred in imposing multiple punishments for allied offenses (his fifth assignment of error),

not that his trial counsel was ineffective for failing to complain about it."  (Doc. #5 at 17).

Likewise, Respondent notes that Barber also failed to present this argument to the

Supreme Court of Ohio.  (*Id.*).  Respondent's contention is well taken.

Section 2254(b) states that "an application for a writ of habeas corpus on behalf of

a person in custody pursuant to a judgment of a State court shall not be granted unless

that it appears that – (A) the applicant has exhausted the remedies available in the courts

of the State . . ." 28 U.S.C. § 2254(b)(1)(A).  The United States Supreme Court has

established that "the exhaustion doctrine is principally designed to protect the state

courts' role in the enforcement of federal law and prevent disruption of state judicial

proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *accord, e.g., O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 844 (1999).

In order to obtain federal habeas review, a habeas petitioner must first raise his

federal constitutional claims in state court by following the state's adequate and

independent procedural rules.  *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004);

*see also Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing, in part, *Coleman v.*

*Thompson*, 501 U.S. 722, 749 (1991)); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  If

the petitioner fails to follow the state's adequate and independent procedural rules, and if

the state courts enforced those rules against him, then his procedural missteps –

"procedural default" – might result in a waiver of one or more of his claims for the

purposes of federal habeas review.  *See Bonilla*, 370 F.3d at 497; *see also Buell*, 274 F.3d

at 349.

The Sixth Circuit requires a four-part analysis when the State alleges a habeas

claim is precluded by procedural default. *Maupin v. Smith*, 785 F. 2d 135, 138 (6th Cir.

1986). First the court must determine that there is a state procedural rule that is applicable

to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the

court must decide whether the state courts actually enforced the state procedural sanction.

Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Maupin*, 785 F. 2d at 138.

Ohio has a long-standing firmly established doctrine of *res judicata* that requires a petitioner to present their claim at the first opportunity on direct appeal. *See Wagner v. Warden, Southern Ohio Correctional Facility*, 2012 WL 1883835 at *8 (2012). *See also State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982); *State v. Ishmail*, 67 Ohio St.2d 16, 423 N.E.2d 1068 (1981); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Federal habeas courts have established that *res judicata* is an adequate and independent state procedural ground upon which a state can rely upon to foreclose review of a federal claim. *See Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002); *see also Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004); *Coleman v. Mitchell*, 268 F.3d 417, 427-29 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The Sixth Circuit has long held that in order to satisfy the exhaustion of claims at the state court level, the petitioner must argue "the same claim under the same theory" to the state courts before raising it on federal habeas review. *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (citing *Pillette v. Foltz*, 824 F.2d 494, 497

10

(6th Cir. 1987)).

Barber's Fourth Ground for Relief is procedurally defaulted under Ohio's doctrine of res judicata.  He did not raise Ground Four as a claim of ineffective assistance of trial counsel before either the Ohio Court of Appeals or the Supreme Court of Ohio.  Rather, in the Ohio Court of Appeals, Barber argued that the "trial court erred in imposing multiple punishment[sic] for allied offense," not that his trial counsel was ineffective for failing to object to it.  (Doc. #5-1, Ex. 42).  However, in his petition to this Court, Barber argues that trial counsel at his resentencing hearing was ineffective for failing to object to his sentences as multiple punishments for allied offenses.  (Doc. #1 at 9).  Because Barber failed to present this claim to the state courts, res judicata bars him from litigating his new, additional claim of ineffective assistance of trial counsel in the Ohio courts.  His Fourth Ground for Relief is therefore procedurally defaulted.  *See Cvijetinovic v. Eberlin*, 617 F.3d 833, 836 n.2 (6th Cir. 2010).

While Barber argues "he has now fully exhausted his Fourth Ground [for relief]" due to his recently filed (third) petition for post-conviction relief, (*see* Doc. #10; *see also State v. Barber*, 2012 Ohio 2332, *P6 (Ohio Ct. App., May 25, 2012)), Barber's argument misses the point.  The proper method under Ohio procedural rules to raise his ineffective assistance of counsel at resentencing claim would be on direct appeal in the Ohio Court of Appeals and then the Supreme Court of Ohio.  Barber's claim is therefore procedurally defaulted based on *res judicata*.  In addition, Barber's claim is procedurally defaulted because his petition for post-conviction relief was untimely.  *See State v. Barber*, 2012

11

Ohio 2332 (Ohio Ct. App., May 25, 2012) ("Barber's pro se 'motion for re-sentencing' is

. . . an untimely petition for post-conviction relief.  In the context of a petition for post-

conviction relief, the trial court lacks jurisdiction to consider an untimely

petition.")(citation omitted).

In addition, Barber makes no attempt to demonstrate cause and prejudice sufficient

to excuse his failure to abide by Ohio procedural rules.  *See Maupin v. Smith*, 785 F.2d

138, 138 (6th Cir. 1986).  Barber has also not argued, nor otherwise demonstrated, that he

is, in fact, innocent or that a miscarriage of justice would result from not granting federal

habeas review.

A final note on Ground Four: even if Barber's ineffective assistance of counsel

claim was not procedurally defaulted, his counsel at resentencing would not have had a

fair or reasonable opportunity to raise an allied offense claim because the resentencing

focused only on notifying Barber that he was subject to a mandatory five-year period of

post release control under Ohio law.  Moreover, to the extent counsel for Barber could

have raised such an argument, the Court of Appeals noted in its decision that the Supreme

Court of Ohio's holding in *State v. Johnson*, 128 Ohio St.3d 153 (2010), would not assist

Barber because it does not apply retroactively to his sentence, which "had been final for

some time at the time that *Johnson* was decided."  *Barber*, 2012 Ohio 2332 at *P13.

Accordingly, Barber is not entitled to habeas relief on his Fourth Ground for

Relief.

2.     *Grounds One, Two and Three*

Although not raised by Respondent, Grounds One, Two, and Three are also procedurally defaulted.

In Barber's direct appeal of his resentencing, he raised the same claims as set forth in Grounds One, Two, and Three of his federal habeas petition.  These three claims were overruled by the Ohio Court of Appeals "because [Barber] has failed to produce a record that exemplifies his claimed errors, and has further failed to demonstrate any error on the part of the trial court in re-sentencing him in order to advise him about his post release control requirements, Defendant fails to demonstrate any deficient performance by counsel in not objecting to the resentencing, much less any resulting prejudice."  *State v. Barber*, 2010 Ohio 831, *P17 (Ohio Ct. App., Mar. 5, 2010)

As is evident from the state appellate court's decision, Barber's ineffective assistance of counsel claims were beyond the court's review due to the fact he failed to file a transcript of the August 7, 2008 resentencing hearing at which the alleged errors occurred.

In this case, in order to determine whether Petitioner's claim is procedurally defaulted due to his failure to provide a transcript for appellate review, this Court must again turn to the inquiry set forth in *Maupin v. Smith*, 785 F.3d 135, 138 (6th Cir. 1986).

Ohio Rule of Appellate Procedure 9(B) requires the appellant, at the time of filing notice of appeal, "in writing, [to] . . . order from the reporter a complete transcript or a transcript of the parts of the proceeding not already on file as the appellant considers

13

necessary for inclusion in the record . . . ."  When the appellant fails to include "portions of the transcript necessary for resolution of assigned errors . . . , the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St. 2d 197, 199 (1980).

Here, the Ohio Court of Appeals concluded that "Defendant's contentions regarding errors the trial court committed and to which his counsel failed to object at resentencing are beyond our review because Defendant has failed to file a transcript of the August 7, 2008 resentencing hearing at which the alleged errors were committed.  In that circumstance, the presumption that the court's proceedings were regular and valid is not rebutted, and we necessarily conclude that no error occurred." *State v. Barber*, 2010 Ohio 831, *P12 (Ohio Ct. App., Mar. 5, 2010).  As there is a state procedural rule requiring necessary transcripts to be filed by the appellant and Barber failed to comply with this rule, the first prong of *Maupin* is satisfied.

The second *Maupin* factor is satisfied in this case because Ohio's procedural rule requiring "appellants to include materials relevant to their assigned errors in the record on appeal," is a state procedural rule that is actually enforced by the state courts.  *See Gonzales v. Wolfe*, 290 Fed. Appx. 799, 805 (6th Cir. 2008).

The third *Maupin* factor is also satisfied.  Ohio courts have "regularly rejected claims due to appellants' failure to present an adequate record," *Gonzales*, 290 Fed. Appx. at 805 (citing *Volodkevich v. Volodkevich*, 48 Ohio. App. 3d 313, 549 N.E.2d

1237, 1237 (Ohio 1989); *State v. Davidson*, 2006 Ohio 1458, 2006 WL 763082, at *4

(Ohio Ct. App. 2006); *State v. Estrada*, 126 Ohio App. 3d 553, 710 N.E.2d 1168, 1170

(Ohio Ct. App. 1998)), and thus constitutes "an 'adequate and independent' state ground

on which the state can rely to foreclose review . . . ." *Maupin*, 785 F.2d at 138.

Accordingly, the third *Maupin* factor is satisfied.

The petitioner has the burden of showing "that there was 'cause' for him to not

follow the procedural rule and that he was actually prejudiced by the alleged

constitutional error." *Maupin*, 785 F.2d at 138-39. As to cause and prejudice, Barber, like

the petitioner in *Gonzales*, "has made no argument that cause and prejudice existed for his

failure to include relevant parts of the record on appeal." 290 Fed. Appx. at 805.  As a

result, Barber has procedurally defaulted on his ineffective assistance of trial counsel

claims raised in Grounds One, Two, and Three of his petition, and failed to establish

cause and prejudice sufficient to excuse the procedural default.

B.     *AEDPA Review*

Respondent contends that Grounds One, Two, and Three of Barber's petition

(which are all based on allegedly ineffective assistance of counsel at resentencing) lack

merit because Barber has not demonstrated in his petition that the Ohio Court of Appeals'

denial of these claims was unreasonable under the AEDPA's standard of review.  (Doc.

#5 at 18).  Assuming these claims are not procedurally defaulted, Respondent is correct in

noting they lack merit.

A state prisoner's petition for a writ of habeas corpus may be considered by a

15

federal court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  In order for a writ of habeas corpus to issue with respect to any claim adjudicated on the merits in state court, the adjudication must have "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The phrases "contrary to" and "unreasonable application" have independent meaning:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from . . . [Supreme Court] decisions but unreasonably applies it to the facts of a particular case.  The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002) (citations omitted); *see also Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

"A decision is an 'unreasonable application' of clearly established Supreme Court law if a 'state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Gray v. Moore*, 520 F.3d 616, 621 (6th Cir. 2008) (quoting in part *Williams v. Taylor*, 529 U.S. 362, 413 (2000)).  "An unreasonable application of federal law is one that is 'objectively unreasonable' and not merely incorrect."  *Sinkfield v. Brigano*, 487 F.3d 1013, 1016 (6th Cir. 2007) (citation omitted); *see also Johnson v. Williams*, __ U.S.

16

__ , 133 S.Ct. 1088, 1096 (2013).

If a state court does not identify its reasons for rejecting a convicted criminal's grounds for appeal, then a federal court considering that individual's subsequent habeas petition should "focus on the result of the state court's decision" in order to determine whether that decision is contrary to or unreasonably applies clearly established United States Supreme Court precedent, or is based on an unreasonable determination of the facts in light of the evidence presented. *Harris v. Stovall*, 212 F.3d 940, 943 (6ᵗʰ Cir. 2000); *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 784-85 (2011).  Such independent review, although "not a full, de novo review of the claims," nonetheless "remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Harris*, 212 F.3d at 943.

Regarding Barber's claims that he was rendered ineffective assistance of counsel at resentencing, the Ohio Court of Appeals explained:

> **[\*P7]**  Defendant argues that his counsel at the re-sentencing hearing performed deficiently in several respects, and as a result Defendant was deprived of his Sixth Amendment right to the effective assistance of counsel.  Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different. *Id.*; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

*State v. Barber*, 2010 Ohio 831, *P7 (Ohio Ct. App., Mar. 5, 2010).

The Ohio Court of Appeals' decision was not contrary to clearly established

federal law, as determined by the Supreme Court.  The Ohio Court of Appeals cited

applicable Supreme Court case law – specifically *Strickland*, 466 U.S. 668 – and recited

the correct legal standards for evaluating a claim of ineffective assistance of counsel.  *See*

*Strickland*, 466 at 687-88.  The Ohio Court of Appeals' citation to *State v. Bradley*

reinforces this conclusion because *Bradley* discussed and applied *Strickland*.  *See*

*Bradley*, 42 Ohio St.3d at 142-44.  By adopting these same standards and applying them

to Barber's claims, the Ohio Court of Appeals' decision was consistent with, and not

contrary to clearly established federal law.  28 U.S.C. § 2254(d)(1).

The remaining AEDPA issue is whether the Ohio Court of Appeals unreasonably

applied clearly established federal law to reject Barber's claims.  The Ohio Court of

Appeals found no merit in Barber's claims of constitutionally ineffective assistance by his

counsel during resentencing.

Ultimately, the Court of Appeals concluded that:

> [**\*P17**] Because Defendant has . . . failed to demonstrate any error on the part of
> the trial court in re-sentencing him in order to advise him about his post release
> control requirements, Defendant fails to demonstrate any deficient performance by
> counsel in not objecting to the re-sentencing, much less any resulting prejudice.
> Ineffective assistance of counsel has therefore not been demonstrated.

*Barber*, 2010 Ohio 831 at \*P7.

The Ohio Court of Appeals engaged in a *Strickland* analysis and concluded that

defense counsel's performance did not fall below an objective standard of reasonableness.

It did so in a manner consistent with *Strickland* and without engaging in an objectively

unreasonable analysis.  The Court concluded that none of the arguments Barber believed

should have been presented by his counsel had merit,[3] and thus, Barber could not

establish that his attorney provided constitutionally defective performance nor that he was

prejudiced by his counsel's failure to raise such meritless arguments.  *Cf. Strickland*, 46

U.S. at 689 ("strong presumption that counsel's conduct falls within the wide range of

professional assistance . . . .").

Moreover, in order for Barber to succeed on his claims of ineffective assistance of

counsel he would need to show more than an incorrect application of *Strickland* by the

Ohio Court of Appeals:

> For [the petitioner] to succeed . . . , he must do more than show that he would have
> satisfied *Strickland's* test if his claim were being analyzed in the first instance,
> because under §2254(d)(1), it is not enough to convince a federal habeas court
> that, in its independent judgment, the state-court decision applied *Strickland*
> incorrectly.  Rather, he must show that the . . . [state] Court of Appeals applied
> *Strickland* to the facts of his case in an *objectively unreasonable* manner."

*Payne v. Bell*, 418 F.3d 644, 665 (6th Cir. 2005) (emphasis added).

Barber has not met his burden in showing the Court of Appeals' decision was

contrary to, or an objectively unreasonable application of, clearly established United

States Supreme Court precedent.  Accordingly, Barber's First, Second, and Third

Grounds for Relief are without merit.

---

[3] The Court noted that Barber's counsel was not ineffective for failing to object to the court's
application of *Foster* to Barber's resentencing because the arguments Barber believed should have been
raised – that *Foster* violates the constitutional requirements of due process, the Ex Post Facto or Double
Jeopardy Clauses, or the separation of powers doctrine – have already been rejected by the Court and
other courts.  *See, e.g., Semala v. Duffey*, 2010 U.S. App. LEXIS 24564 at *3 (6th Cir. 2010) ("[B]ecause
non-minimum and consecutive sentences were always potentially available, and [Petitioner] was at all
times aware of their potential availability, her resentencing under *Foster* violated neither the Ex Post
Facto nor the Due Process Clause.") (citing *Hooks v. Sheets*, 603 F.3d 316, 316 (6th Cir. 2010)); *see also
Hooks*, 603 F.3d at 316 (citing *Rogers v. Tennessee*, 532 U.S. 451, 456, 121 S. Ct. 1693 (2001)).

Because the conclusions reached herein are not debatable by jurists of reason and do not otherwise present issues adequate to deserve encouragement to proceed further, a certificate of appealability should not issue.

## IT IS THEREFORE RECOMMENDED THAT:

1.      Petitioner Curtis L. Barber's petition for writ of habeas corpus (Doc. #1) be DENIED with prejudice in its entirety;

2.      No certificate of appealability issue in conjunction with this matter; and,

3.      This case be terminated on the docket of this Court.


May 21, 2013

                                        s/Sharon L. Ovington
                                        Sharon L. Ovington
                                Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(c), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).