IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CURTIS BARBER,
    Petitioner,

v.

WARDEN, MARION
CORRECTIONAL INSTITUTION
    Respondent.

:
:
:
:
:

Case No. 3:11-cv-060

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #11) IN THEIR
ENTIRETY; OVERRULING PETITIONER'S OBJECTIONS THERETO
(DOC. #12); DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
(DOC. #1) WITH PREJUDICE; JUDGMENT TO ENTER IN FAVOR OF
RESPONDENT AND AGAINST PETITIONER; DENYING CERTIFICATE
OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*;
TERMINATION ENTRY

---

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Sharon L. Ovington, in her May 21, 2013, Report and Recommendations (Doc. #11), as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court ADOPTS said judicial filing in its entirety, and OVERRULES Petitioner's objections thereto (Doc. #12).

In so holding, the Court makes the following observations. With respect to Grounds One, Two, and Three, which assert various ineffective-assistance-of-trial-counsel claims, the state appellate court found that because Petitioner had failed to file the required transcript of the proceedings at which the alleged constitutional

errors were committed, the claims were not reviewable, and Petitioner could not rebut the presumption that those proceedings were regular and valid. *State v. Barber*, No. 22929, 2010 WL 761298, at *2 (Ohio Ct. App. March 5, 2010).

Accordingly, the Magistrate Judge found that these three claims were procedurally defaulted. In his Objections, Petitioner argues that he requested the hearing transcripts, but never received them. Even if this could establish cause for his failure to follow the relevant procedural rule, he cannot establish the requisite actual prejudice resulting from the alleged constitutional errors under *Maupin v. Smith*, 785 F.2d 138 (6th Cir. 1986).

Although the state appellate court found that Petitioner's failure to file the transcripts placed the claims beyond review, it nevertheless discussed the merits of those claims, finding that it was "clear that none of Defendant's contentions are supportable." *Barber*, 2010 WL 761298, at *2. As such, Petitioner failed to satisfy his burden under *Strickland v. Washington*, 466 U.S. 668 (1984). He could not show that counsel's performance, in failing to raise these arguments at the resentencing hearing, was deficient, nor could he show prejudice. *Id.* The Magistrate Judge correctly determined that the state court's decision was not contrary to, or an objectively unreasonable application of, clearly established United States Supreme Court precedent. Grounds One, Two, and Three are therefore dismissed with prejudice.

Ground Four asserts another ineffective-assistance-of-trial-counsel claim, based on an alleged failure to argue that Kidnapping and Aggravated Robbery are

2

allied offenses of similar import. The Magistrate Judge correctly found that this claim is procedurally defaulted under the doctrine of *res judicata*, and that Petitioner has not established cause or prejudice for the default. In state court, Petitioner argued not that *counsel was ineffective* in failing to raise this particular argument, but rather that the *trial court erred* in imposing multiple punishments for allied offenses of similar import. The cases cited by Petitioner in his Objections, including *State v. Underwood*, 124 Ohio St.3d 365, 922 N.E.2d 923 (Ohio 2010), do nothing to cure this procedural defect.[1]

For these reasons, the Petition for a Writ of Habeas Corpus (Doc. #1) is DISMISSED WITH PREJUDICE.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

---

[1] In state court, Petitioner also alleged that he was deprived of the effective assistance of counsel when his attorney failed to argue that the indictment was defective because it failed to include a culpable mental state for the crimes charged. In his Objections to the Report and Recommendations, Petitioner argues that the state appellate court erred in holding that this claim could have been raised in his direct appeal, and was therefore barred by the doctrine of *res judicata*. Defendant maintains that it would have been impossible to raise it in his direct appeal, filed in 2001, since the case on which he relies, *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, was not decided until 2008. Given that Petitioner has not included this particular ineffective-assistance-of-counsel claim in his §2254 petition, this Objection is overruled as moot.

3

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 24, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE